**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIE A. LOEWEN, | No. 16-35174 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05089-JRC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
J. Richard Creatura, Magistrate Judge, Presiding

Submitted December 19, 2017[**]

Before:     THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit
Judges.

Julie Loewen appeals the district court's decision affirming the

Commissioner of Social Security's denial of Loewen's application for social

security disability insurance benefits under Title II of the Social Security Act.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 736 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

Loewen does not identify limitations associated with restless leg syndrome and migraines that the ALJ failed to include in the residual functional capacity (RFC). Substantial evidence supports the ALJ's findings that Loewen's restless leg syndrome was controlled with medication and that her migraine headaches did not significantly limit her ability to work. The ALJ accounted for possible concentration limitations in the RFC. Therefore, the ALJ did not err in her consideration of Loewen's restless leg syndrome and migraines.

Loewen does not develop arguments in asserting that the ALJ erred in evaluating the medical evidence. She merely summarizes numerous providers' opinions without making specific assignments of error. Accordingly, this argument fails. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (holding that this Court need not address arguments that were not argued with any specificity); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (holding that this Court "has repeatedly admonished that we cannot 'manufacture arguments for appellant'" and will only review "issues which are argued specifically and distinctly in a party's opening brief").

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Loewen's credibility regarding the

16-35174

debilitating effects of her symptoms: (1) her testimony was not consistent with the treatment record; (2) there were inconsistencies between her subjective complaints and her activities of daily living; and (3) her testimony was not consistent with her performance on mental status examinations. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (listing, among proper considerations for credibility assessment, engagement in activities of daily living that are inconsistent with the alleged symptoms).

The ALJ properly rejected Mr. Loewen's statement for the germane reason that it was inconsistent with Loewen's activities and performance on mental status examinations. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The new evidence submitted by Loewen to the Appeals Council summarizes Loewan's mental health history and makes a few general comments about her symptoms as of May 2013. Considering the new evidence, the Commissioner's decision is supported by substantial evidence.

**AFFIRMED.**